## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN GILBERT, | ) | |
| | ) | Case No. 18-CV-05662 |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | |
| Officers CORNELIUS GREENWOOD, | ) | |
| ANDRE WOODS, JOHN CRAIG, SGT. | ) | |
| SALVADOR SERRANO, SGT. SYED H. | ) | |
| QUADRI, CDR. RANDALL DARLIN, LT. | ) | |
| JAMES C. LABBE, and UNIDENTIFIED | ) | JURY TRIAL DEMANDED |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## COMPLAINT

NOW COMES Plaintiff, STEPHEN GILBERT, by and through his attorneys LOEVY &

LOEVY, and complaining of Defendants CITY OF CHICAGO, Chicago Police Officers

CORNELIUS GREENWOOD, ANDRE WOODS, JOHN CRAIG, SGT. SALVADOR

SERRANO, SGT. SYED H. QUADRI, CDR. RANDALL DARLIN, LT. JAMES C. LABBE

and UNIDENTIFIED CHICAGO POLICE OFFICERS, states as follows:

## INTRODUCTION

1.     Plaintiff Stephen Gilbert is a high school teacher and had never been arrested

before this case.

2.     On June 15, 2017, Mr. Gilbert observed three of his students being stopped by a

police officer. Curious, Mr. Gilbert simply asked why they were being detained.

3.     In response, the Defendant Officers arrested Mr. Gilbert without cause in front of

his fellow teachers and over 100 of his students, and then falsely charged him with obstructing

justice. Mr. Gilbert spent the next eight months defending himself against this bogus charge before it was dismissed. He was arrested and prosecuted solely because he lawfully and respectfully questioned a police officer's performance of his public duty.

4.      The violation of Mr. Gilbert's rights and his suffering was caused by the Defendants' illegal conduct and their brazen abuse of power. Mr. Gilbert brings this suit to hold Defendants accountable and to redress the harm that he has suffered and continues to suffer to this day.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

6.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

7.      Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district; all Defendants reside in this judicial district; and the events giving rise to Plaintiff's claims asserted herein all occurred within this judicial district.

## PARTIES

8.      Plaintiff Stephen Gilbert is a 35-year-old resident of Lynwood, Illinois. Mr. Gilbert is a married father of four with a Bachelor's Degree in Criminal Justice and Master's Degree in Social Work. He is currently pursuing a second Master's Degree in Public Policy and Administration. At the time of the events at issue, Mr. Gilbert was detained at his place of employment, Johnson College Prep High School at 6350 S. Stewart Ave., Chicago, Illinois 60621, in a Chicago Police Department vehicle and at the Chicago Police Department station at 1438 W. 63rd St., Chicago, Illinois, 60636. Mr. Gilbert has no criminal history.

9.     Defendant Commander Randall Darlin is a past or current commander employed by the City of Chicago. Defendant Sergeants Salvador Serrano and Syed H. Quadri are past or current Chicago Police sergeants employed by the City of Chicago. Defendant Lieutenant James C. Labbe is a past or current lieutenant employed by the City of Chicago. Defendant Officers Cornelius Greenwood, Andre Woods, and John Craig, are past or current Chicago Police officers employed by the City of Chicago. At all times relevant to the events described in this Complaint, these Chicago police officers were acting under color of law and within the scope of their employment with the Chicago Police Department.

10.     Defendants Unidentified Chicago Police Officers are unknown employees of the City of Chicago and/or the Chicago Police Department who have not yet been identified by Plaintiff. At all times relevant to the events described in this Complaint, these Unidentified Police Officers were acting under color of law and within the scope of their employment with the Chicago Police Department.

11.     Defendants Darlin, Serrano, Quadri, Labbe, Greenwood, Woods, Craig and Unidentified Chicago Police Officers are referred to collectively as the "Defendant Officers" throughout this Complaint.

12.     Defendant City of Chicago is an Illinois municipal corporation that is or was the employer of Defendant Officers. The City of Chicago is liable for all torts committed by the Defendant Officers while employed by the City of Chicago pursuant to the doctrine of *respondeat superior*.

**FACTS**

3

13. Mr. Gilbert is currently a teacher at Johnson College Prep High School, a charter school in the Englewood neighborhood on the south side of Chicago. A South Side native, Mr. Gilbert has taught at Johnson College Prep since the school opened in 2010.

14. On June 15, 2017, the last day of school, Mr. Gilbert volunteered to assist his colleagues in overseeing dismissal of students. On several days of the year, including the last day of school and before holiday weekends, Johnson College Prep staff oversee student dismissal and escort students home or to nearby bus stops for student safety reasons. The staff routinely cooperate with local area police officers during student dismissal.

15. Mr. Gilbert was given a radio and assigned to station himself across the street from a bus stop a few blocks away from the school. Typically, hundreds of students board the bus at that bus stop to go home, and many other students drive pass the bus stop on their way home.

16. At or about noon, while Mr. Gilbert was stationed at the United States Post Office at 611 W. 63rd Street, he observed a police car stop behind a car driven by one of his students, Orsean Kennedy, across the street in a parking lot of an Aldi grocery store. Two of his other students, Javon King and Eugene Marshall, were in the passenger and back seat of the car.

17. At the time, Orsean, Javon, and Eugene were 16- and 17-year-old juniors dressed in Johnson College Prep fitness clothes. They had never been stopped by the police before and were terrified. The students had not violated any traffic laws and had done nothing illegal.

18. Mr. Gilbert observed Officer Greenwood flash his police car lights and heard the car's siren. Mr. Gilbert walked across the street and entered the parking lot as he observed Officer Greenwood get out of his police car and approach Orsean on the driver's side of the car.

19.     Mr. Gilbert walked up to car, not getting too close and stopping by the back of the car on the passenger side. From that position, he identified himself to Officer Greenwood as the students' teacher, and inquired why the students had been stopped. Mr. Gilbert did not interfere with Officer Greenwood's traffic stop in any manner.

20.     Defendant Officer Greenwood immediately became combative with Mr. Gilbert and began yelling at him for no reason at all.

21.     Defendant Officer Greenwood was wearing an activated body-worn camera, which captured some of his interactions with Mr. Gilbert. The body-worn camera video depicts Mr. Gilbert remaining calm and not threatening any one in any way.

22.     Rather than provide a response for stopping Mr. Gilbert's students, Defendant Greenwood radioed for more officers to respond.

23.     Within minutes, at least five police cars and approximately seven to ten Defendant Officers arrived on the scene.

24.     By this time, a number of Johnson College Prep High School staff also arrived, including the school principal and several teachers. They began ushering hundreds of students who were walking home away from the parking lot.

25.     Without any warning, Defendant Officers led Mr. Gilbert away from the cars and handcuffed him in front of hundreds of his students and his coworkers.

26.     Dozens more students who had boarded the bus also witnessed Mr. Gilbert being handcuffed. Many of those students, shocked by what they saw, got off the bus and tried to enter the parking lot. The staff escorted the students to the sidewalk away from the parking lot.

27.     Mr. Gilbert remained in handcuffs while Defendant Officers yelled at him, using profanity as hundreds of students and several colleagues watched.

5

28.     Mr. Gilbert was then placed in the back of a police car. He remained there for close to an hour. For the entire time Mr. Gilbert was in the police car, it was extremely hot, as the windows were rolled up and there was no air conditioning.

29.     In the hot police car, Defendants began to interrogate Mr. Gilbert about his actions. Defendants never read Mr. Gilbert his *Miranda* rights. At no point did Mr. Gilbert agree to speak with Defendants. On the contrary, he repeatedly invoked his right to remain silent. Defendants disregarded Mr. Gilbert's invocation of his right to remain silent and continued with their questioning.

30.     Mr. Gilbert requested to speak with his father and his pastor numerous times while Defendants were questioning him. Defendants never ceased their questioning in response to Mr. Gilbert's requests. Defendants never permitted Mr. Gilbert to speak with his father or his pastor.

31.     Eventually, Mr. Gilbert was driven to the 7th District Police Station on 63rd street. His father and the school principal followed the police car to the station.

32.     At the police station, Mr. Gilbert was handcuffed to a bench. He had never been arrested before. He repeatedly asked officers for information and was given none. Mr. Gilbert just waited, unable to move from the bench.

33.     Mr. Gilbert repeatedly requested to use the restroom. Defendant Officers denied his requests. It was three hours before Mr. Gilbert was permitted to use the restroom.

34.     The school principal and Mr. Gilbert's father also asked for information from the Defendant Officers, including from Defendant Commander Darlin, who refused to give any information.

35.     Further, Defendant Commander Darlin told the principal and Mr. Gilbert's father that he had seen "video" footage and falsely stated that Mr. Gilbert had been obstructing justice.

36.     Defendant Officers detained Mr. Gilbert for more than six hours.

37.     Based on the false allegations of Defendant Officers, criminal proceedings commenced against Mr. Gilbert. He was charged with obstruction of justice and then released from detention after posting bail.

38.     Mr. Gilbert was given a court date several weeks later, which was subsequently continued until February 2018.

39.     In February 2018, Mr. Gilbert appeared in the Circuit Court of Cook County on the obstruction of justice charge. The court promptly dismissed the charge against Mr. Gilbert.

40.     As a result of Defendants' misconduct, Mr. Gilbert continues to suffer from nightmares, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

## COUNT I – 42 U.S.C. § 1983
## Deprivation of Liberty without Probable Cause

41.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

42.     In the manner described more fully above, Defendants, individually, jointly, and in conspiracy with one another, and others, as well as under color of law and within the scope of their employment, used false evidence that they had manufactured in order to accuse Plaintiff of criminal activity and cause the institution and continuation of criminal proceedings against Plaintiff, without probable cause.

43.     In so doing, these Defendants caused Plaintiff to be deprived of his liberty without probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendments.

44.     These Defendants initiated and continued judicial proceedings against Plaintiff maliciously, resulting in injury.

45.     The judicial proceedings against Plaintiff were terminated in his favor when the Circuit Court of Cook County dismissed all charges against him.

46.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of the truth and Plaintiff's clear innocence.

47.     As a result of the misconduct of the Defendants described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

### COUNT II – 42 U.S.C. § 1983
### Unreasonable Seizure

48.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

49.     In the manner described above, Defendant Officers violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

50.     In the manner described above, the Defendant Officers violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause.

51.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

52.     As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

### COUNT III – 42 U.S.C. § 1983

**Conspiracy to Deprive of Constitutional Rights**

53.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

54.     Defendant Officers, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to deprive Mr. Gilbert of his constitutional rights, all as described in the various paragraphs of this Complaint.

55.     In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

56.     In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

57.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

58.     As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**COUNT IV – 42 U.S.C. § 1983**
**Failure to Intervene**

59.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

60.     During the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

61.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

62.     As a result of Defendants' misconduct described in this Count, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

## COUNT V – 42 U.S.C. § 1983
## First Amendment Retaliation

63.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

64.     In the manner described more fully above Defendants, individually, jointly, and in conspiracy with one another, and others, violated Plaintiff's First Amendment right by subjecting Plaintiff to retaliation for exercising his constitutional right to free speech.

65.     Defendants' retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

66.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

67.     As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

## COUNT VI – State Law Claim
## Malicious Prosecution

68.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

69.     In the manner described above, Defendants, individually, jointly, or in conspiracy with each other, and others, as well as within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent.

70.     In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause.

71.     These judicial proceedings were instituted and continued maliciously, resulting in injury.

72.     The judicial proceedings against Plaintiff were terminated in his favor when the charges against him were dismissed.

73.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and in total disregard of the truth and Plaintiff's clear innocence.

74.     As a result of the Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

## COUNT VII – State Law Claim
### *Respondeat Superior*

75.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

76.     In committing the acts alleged in this Complaint, Defendants were employees, members, and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

77.     Defendant City of Chicago is liable as principal for all state law torts committed by its agents.

**COUNT VIII – State Law Claim**
**Indemnification**

78.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

79.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

80.     Defendant Officers are, or were, employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described above.

81.     The City of Chicago is obligated to pay any judgment entered against the Defendant Officers.

WHEREFORE, Plaintiff STEPHEN GILBERT, respectfully requests that this Court enter a judgment in his favor and against Defendants CITY OF CHICAGO, Chicago Police Officers CORNELIUS GREENWOOD, ANDRE WOODS, JOHN CRAIG, SGT. SALVADOR SERRANO, SGT. SYED H. QUADRI, CDR. RANDALL DARLIN, LT. JAMES C. LABBE, and UNIDENTIFIED CHICAGO POLICE OFFICERS, awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, Stephen Gilbert, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

**STEPHEN GILBERT**

BY:    <u>/s/ Danielle Hamilton</u>
           *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Theresa Kleinhaus
Danielle Hamilton
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
danielle@loevy.com

**CERTIFICATE OF SERVICE**

I, Danielle Hamilton, an attorney, hereby certify that on August 20, 2018, I filed the foregoing Complaint using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Danielle Hamilton
*One of Plaintiff's Attorneys*