**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-05662 |
| | ) | |
| CITY OF CHICAGO; Chicago Police | ) | Honorable Robert W. Gettleman |
| Officers CORNELIUS GREENWOOD; | ) | |
| ANDRE WOODS; JOHN CRAIG; SGT. | ) | |
| SALVADOR SERRANO; SGT. SYED H. | ) | |
| QUADRI; CDR. RANDALL DARLIN; LT. | ) | |
| JAMES C. LABBE; and UNIDENTIFIED | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S**
**COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, City of Chicago (City), by its attorney, Edward N. Siskel, Corporation Counsel, for the City's Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand, states as follows:

**INTRODUCTION**

1.     Plaintiff Stephen Gilbert is a high school teacher and had never been arrested before this case.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to whether plaintiff is a high school teacher and denies the remaining allegations in this paragraph.

2.     On June 15, 2017, Mr. Gilbert observed three of his students being stopped by a police officer. Curious, Mr. Gilbert simply asked why they were being detained.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to whether plaintiff observed three of his students being stopped by a police officer on June 15, 2017. The City denies the remaining allegations contained in this paragraph.

3.     In response, the Defendant Officers arrested Mr. Gilbert without cause in front of his fellow teachers and over 100 of his students, and then falsely charged him with obstructing justice. Mr. Gilbert spent the next eight months defending himself against this bogus charge before it was dismissed. He was arrested and prosecuted solely because he lawfully and respectfully questioned a police officer's performance of his public duty.

**ANSWER**:     On information and belief, the City denies the allegations contained in this paragraph.

4.     The violation of Mr. Gilbert's rights and his suffering was caused by the Defendants' illegal conduct and their brazen abuse of power. Mr. Gilbert brings this suit to hold Defendants accountable and to redress the harm that he has suffered and continues to suffer to this day.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph in regard to plaintiff's intent in bringing this suit. On information and belief, the City denies the remaining allegations contained in this paragraph.

### JURISDICTION AND VENUE

5.     This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

**ANSWER**:     The City admits that this action is brought pursuant to 42 U.S.C. § 1983

and Illinois law, but denies that plaintiff has accurately set forth the events giving rise to this litigation and denies any wrongdoing.

6.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER**:  The City admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7.  Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district; all Defendants reside in this judicial district; and the events giving rise to Plaintiff's claims asserted herein all occurred within this judicial district.

**ANSWER**:  The City admits that venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8.  Plaintiff Stephen Gilbert is a 35-year-old resident of Lynwood, Illinois. Mr. Gilbert is a married father of four with a Bachelor's Degree in Criminal Justice and Master's Degree in Social Work. He is currently pursuing a second Master's Degree in Public Policy and Administration. At the time of the events at issue, Mr. Gilbert was detained at his place of employment, Johnson College Prep High School at 6350 S. Stewart Ave., Chicago, Illinois 60621, in a Chicago Police Department vehicle and at the Chicago Police Department station at 1438 W. 63rd St., Chicago, Illinois, 60636. Mr. Gilbert has no criminal history.

**ANSWER**:  The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether plaintiff is a 35-year-old resident of Lynwood, Illinois, a married father of four, has a bachelor's and master's degree, and whether he is pursuing a second master's degree. Answering further, the City denies that plaintiff was detained at Johnson College Prep High School, but admits that at some point on June 15, 2017, plaintiff was detained in a police vehicle and at the police station at 1438 West 63rd Street in Chicago, Illinois.

9.      Defendant Commander Randall Darlin is a past or current commander employed by the City of Chicago. Defendant Sergeants Salvador Serrano and Syed H. Quadri are past or current Chicago Police sergeants employed by the City of Chicago. Defendant Lieutenant James C. Labbe is a past or current lieutenant employed by the City of Chicago. Defendant Officers Cornelius Greenwood, Andre Woods, and John Craig, are past or current Chicago Police officers employed by the City of Chicago. At all times relevant to the events described in this Complaint, these Chicago police officers were acting under color of law and within the scope of their employment with the Chicago Police Department.

**ANSWER**:      The City, on information and belief, denies any wrongdoing in regard to the "events described in this Complaint," but admits the remaining allegations contained in this paragraph.

10.      Defendants Unidentified Chicago Police Officers are unknown employees of the City of Chicago and/or the Chicago Police Department who have not yet been identified by Plaintiff. At all times relevant to the events described in this Complaint, these Unidentified Police Officers were acting under color of law and within the scope of their employment with the Chicago Police Department.

**ANSWER**:      The City, on information and belief, denies any wrongdoing in regard to the "events described in this Complaint," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

11.      Defendants Darlin, Serrano, Quadri, Labbe, Greenwood, Woods, Craig and Unidentified Chicago Police Officers are referred to collectively as the "Defendant Officers" throughout this Complaint.

**ANSWER**:      The City denies the allegations contained in this paragraph, averring that it

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding non-identified defendants Plaintiff seeks to include in the group of defendants defined as "Defendant Officers" (hereinafter referred to as "unidentified defendants").

12.     Defendant City of Chicago is an Illinois municipal corporation that is or was the employer of Defendant Officers. The City of Chicago is liable for all torts committed by the Defendant Officers while employed by the City of Chicago pursuant to the doctrine of respondeat superior.

**ANSWER**:    The City admits it is a municipal corporation and is the employer of defendants, Cornelius Greenwood, Andre Woods, John Craig, Salvador Serrano, Syed Quadri, Randall Darlin, and James Labbe (collectively, "individual defendants"), and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "unidentified defendants." The City further admits that under certain circumstances, public entities such as the City are directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but denies that this paragraph contains a complete or accurate statement of Illinois law and therefore denies the remaining allegations contained in this paragraph.

**FACTS**

13.     Mr. Gilbert is currently a teacher at Johnson College Prep High School, a charter school in the Englewood neighborhood on the south side of Chicago. A South Side native, Mr. Gilbert has taught at Johnson College Prep since the school opened in 2010.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

14. On June 15, 2017, the last day of school, Mr. Gilbert volunteered to assist his colleagues in overseeing dismissal of students. On several days of the year, including the last day of school and before holiday weekends, Johnson College Prep staff oversee student dismissal and escort students home or to nearby bus stops for student safety reasons. The staff routinely cooperates with local area police officers during student dismissal.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15. Mr. Gilbert was given a radio and assigned to station himself across the street from a bus stop a few blocks away from the school. Typically, hundreds of students board the bus at that bus stop to go home, and many other students drive pass the bus stop on their way home.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. At or about noon, while Mr. Gilbert was stationed at the United States Post Office at 611 W. 63rd Street, he observed a police car stop behind a car driven by one of his students, Orsean Kennedy, across the street in a parking lot of an Aldi grocery store. Two of his other students, Javon King and Eugene Marshall, were in the passenger and back seat of the car.

**ANSWER**: The City admits that, on June 15, 2017, Officer Greenwood curbed a vehicle near an Aldi grocery store at 620 West 63rd Street in Chicago and that the vehicle was occupied by three minors, O.K., J.K., and E.M. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

17. At the time, Orsean, Javon, and Eugene were 16- and 17-year-old juniors dressed

in Johnson College Prep fitness clothes. They had never been stopped by the police before and were terrified. The students had not violated any traffic laws and had done nothing illegal.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's allegations that at the time, O.K., J.K., and E.M. were 16- and 17-year-old juniors who had never been stopped by the police before and were terrified. Answering further, the City, on information and belief, admits that the driver of the stopped vehicle was dressed in clothing that appeared to be affiliated with Johnson College Prep, but denies the remaining allegations contained in this paragraph.

18.    Mr. Gilbert observed Officer Greenwood flash his police car lights and heard the car's siren. Mr. Gilbert walked across the street and entered the parking lot as he observed Officer Greenwood get out of his police car and approach Orsean on the driver's side of the car.

**ANSWER**:    The City admits that Officer Greenwood curbed a vehicle in an Aldi's parking lot and approached the driver's side door, but lacks knowledge or information sufficient to form a belief as to what plaintiff heard or observed or whether he walked across the street.

19.    Mr. Gilbert walked up to car, not getting too close and stopping by the back of the car on the passenger side. From that position, he identified himself to Officer Greenwood as the students' teacher, and inquired why the students had been stopped. Mr. Gilbert did not interfere with Officer Greenwood's traffic stop in any manner.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

20.    Defendant Officer Greenwood immediately became combative with Mr. Gilbert and began yelling at him for no reason at all.

**ANSWER**:    On information and belief, the City denies the allegations contained in this

paragraph.

21.     Defendant Officer Greenwood was wearing an activated body-worn camera, which captured some of his interactions with Mr. Gilbert. The body-worn camera video depicts Mr. Gilbert remaining calm and not threatening any one in any way.

**ANSWER**:    The City admits that Officer Greenwood was wearing a body-worn camera, which was activated and captured some of the events at issue. On information and belief, the City denies the remaining allegations contained in this paragraph.

22.     Rather than provide a response for stopping Mr. Gilbert's students, Defendant Greenwood radioed for more officers to respond.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

23.     Within minutes, at least five police cars and approximately seven to ten Defendant Officers arrived on the scene.

**ANSWER**:    On information and belief, the City admits the allegations contained in this paragraph.

24.     By this time, a number of Johnson College Prep High School staff also arrived, including the school principal and several teachers. They began ushering hundreds of students who were walking home away from the parking lot.

**ANSWER**:    On information and belief, the City admits that at least one apparent staff member of Johnson College Prep High School arrived and identified herself as the assistant principal of the minors in the stopped vehicle. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

25.     Without any warning, Defendant Officers led Mr. Gilbert away from the cars and handcuffed him in front of hundreds of his students and his coworkers.

**ANSWER**:    The City admits that plaintiff was handcuffed, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

26.     Dozens more students who had boarded the bus also witnessed Mr. Gilbert being handcuffed. Many of those students, shocked by what they saw, got off the bus and tried to enter the parking lot. The staff escorted the students to the sidewalk away from the parking lot.

**ANSWER**:    The City admits that plaintiff was handcuffed, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

27.     Mr. Gilbert remained in handcuffs while Defendant Officers yelled at him, using profanity as hundreds of students and several colleagues watched.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

28.     Mr. Gilbert was then placed in the back of a police car. He remained there for close to an hour. For the entire time Mr. Gilbert was in the police car, it was extremely hot, as the windows were rolled up and there was no air conditioning.

**ANSWER**:    On information and belief, the City admits that plaintiff was placed in the back of a police car, but denies the remaining allegations contained in this paragraph.

29.     In the hot police car, Defendants began to interrogate Mr. Gilbert about his actions. Defendants never read Mr. Gilbert his Miranda rights. At no point did Mr. Gilbert agree to speak with Defendants. On the contrary, he repeatedly invoked his right to remain silent.

Defendants disregarded Mr. Gilbert's invocation of his right to remain silent and continued with their questioning.

**ANSWER**: On information and belief, the City denies the allegations contained in this paragraph.

30. Mr. Gilbert requested to speak with his father and his pastor numerous times while Defendants were questioning him. Defendants never ceased their questioning in response to Mr. Gilbert's requests. Defendants never permitted Mr. Gilbert to speak with his father or his pastor.

**ANSWER**: On information and belief, the City denies the allegations contained in this paragraph.

31. Eventually, Mr. Gilbert was driven to the 7th District Police Station on 63rd street. His father and the school principal followed the police car to the station.

**ANSWER**: The City admits that plaintiff was driven to the 7th District police station at some point, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

32. At the police station, Mr. Gilbert was handcuffed to a bench. He had never been arrested before. He repeatedly asked officers for information and was given none. Mr. Gilbert just waited, unable to move from the bench.

**ANSWER**: The City admits that plaintiff was seated on a bench in the 7th District police station, but, on information and belief, denies the remaining allegations contained in this paragraph.

33. Mr. Gilbert repeatedly requested to use the restroom. Defendant Officers denied his requests. It was three hours before Mr. Gilbert was permitted to use the restroom.

**ANSWER**:     On information and belief, the City denies any allegations of wrongdoing or unlawful conduct directed to the individual defendants contained in this paragraph. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

34.     The school principal and Mr. Gilbert's father also asked for information from the Defendant Officers, including from Defendant Commander Darlin, who refused to give any information.

**ANSWER**:     On information and belief, the City denies the allegations contained in this paragraph in regard to the individual defendants. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

35.     Further, Defendant Commander Darlin told the principal and Mr. Gilbert's father that he had seen "video" footage and falsely stated that Mr. Gilbert had been obstructing justice.

**ANSWER**:     The City admits that Commander Darlin reviewed the video footage from Officer Greenwood's body-worn camera, but, on information and belief, denies the remaining allegations contained in this paragraph.

36.     Defendant Officers detained Mr. Gilbert for more than six hours.

**ANSWER**:     On information and belief, the City denies the allegations contained in this paragraph.

37.     Based on the false allegations of Defendant Officers, criminal proceedings commenced against Mr. Gilbert. He was charged with obstruction of justice and then released from detention after posting bail.

**ANSWER**:     The City admits that plaintiff was charged with obstruction of justice and

was released from the 7th District police station after posting bail. Answering further, the City denies the remaining allegations contained in this paragraph directed to the individual officers. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

38.     Mr. Gilbert was given a court date several weeks later, which was subsequently continued until February 2018.

**ANSWER**:     On information and belief, the City admits that plaintiff had a court date several weeks after June 15, 2017, and that plaintiff had a subsequent court date in February 2018. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

39.     In February 2018, Mr. Gilbert appeared in the Circuit Court of Cook County on the obstruction of justice charge. The court promptly dismissed the charge against Mr. Gilbert.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether plaintiff appeared in the circuit court of Cook County on the obstruction of justice charge in February 2018. On information and belief, the City admits that plaintiff's criminal case was nonsuited and denies the remaining allegations contained in this paragraph.

40.     As a result of Defendants' misconduct, Mr. Gilbert continues to suffer from nightmares, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**:     The City denies the allegations contained in this paragraph.

## COUNT I – 42 U.S.C. § 1983
### Deprivation of Liberty without Probable Cause

41.     Each of the paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER**:    The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

42.    In the manner described more fully above, Defendants, individually, jointly, and in conspiracy with one another, and others, as well as under color of law and within the scope of their employment, used false evidence that they had manufactured in order to accuse Plaintiff of criminal activity and cause the institution and continuation of criminal proceedings against Plaintiff, without probable cause.

**ANSWER**:    The City denies the allegations contained in this paragraph.

43.    In so doing, these Defendants caused Plaintiff to be deprived of his liberty without probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendments.

**ANSWER**:    The City denies the allegations contained in this paragraph.

44.    These Defendants initiated and continued judicial proceedings against Plaintiff maliciously, resulting in injury.

**ANSWER**:    The City denies the allegations contained in this paragraph.

45.    The judicial proceedings against Plaintiff were terminated in his favor when the Circuit Court of Cook County dismissed all charges against him.

**ANSWER**:    The City denies the allegations contained in this paragraph.

46.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER**:    The City denies the allegations contained in this paragraph.

47.    As a result of the misconduct of the Defendants described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and

- 13 -

suffering, and other grievous and continuing injuries and damages.

**ANSWER**:     The City denies the allegations contained in this paragraph.

**COUNT II – 42 U.S.C. § 1983**
**Unreasonable Seizure**

48.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

49.     In the manner described above, Defendant Officers violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

**ANSWER**:     The City denies the allegations contained in this paragraph.

50.     In the manner described above, the Defendant Officers violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause.

**ANSWER**:     The City denies the allegations contained in this paragraph.

51.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

**ANSWER**:     The City denies the allegations contained in this paragraph.

52.     As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**:     The City denies the allegations contained in this paragraph.

## COUNT III – 42 U.S.C. § 1983
## Conspiracy to Deprive of Constitutional Rights

53.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

54.     Defendant Officers, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to deprive Mr. Gilbert of his constitutional rights, all as described in the various paragraphs of this Complaint.

**ANSWER**:     The City denies the allegations contained in this paragraph.

55.     In so doing, these co-conspirators conspired to accomplish an unlawful purpose by unlawful means.

**ANSWER**:     The City denies the allegations contained in this paragraph.

56.     In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

**ANSWER**:     The City denies the allegations contained in this paragraph.

57.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

**ANSWER**:     The City denies the allegations contained in this paragraph.

58.     As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**:     The City denies the allegations contained in this paragraph.

### COUNT IV – 42 U.S.C. § 1983
### Failure to Intervene

59. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**: The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

60. During the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

**ANSWER**: On information and belief, the City denies the allegations contained in this paragraph.

61. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

**ANSWER**: On information and belief, the City denies the allegations contained in this paragraph.

62. As a result of Defendants' misconduct described in this Count, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**: The City denies the allegations contained in this paragraph.

### COUNT V – 42 U.S.C. § 1983
### First Amendment Retaliation

63. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:    The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

64.    In the manner described more fully above Defendants, individually, jointly, and in conspiracy with one another, and others, violated Plaintiff's First Amendment right by subjecting Plaintiff to retaliation for exercising his constitutional right to free speech.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

65.    Defendants' retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

66.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Gilbert's constitutional rights.

**ANSWER**:    ON information and belief, the City denies the allegations contained in this paragraph.

67.    As a result of Defendants' misconduct, Mr. Gilbert suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**:    The City denies the allegations contained in this paragraph.

### COUNT VI – State Law Claim
### Malicious Prosecution

68.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

- 17 -

**ANSWER**:    The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

69.    In the manner described above, Defendants, individually, jointly, or in conspiracy with each other, and others, as well as within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

70.    In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

71.    These judicial proceedings were instituted and continued maliciously, resulting in injury.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph.

72.    The judicial proceedings against Plaintiff were terminated in his favor when the charges against him were dismissed.

**ANSWER**:    The City denies the allegations contained in this paragraph.

73.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER**:     On information and belief, the City denies the allegations contained in this paragraph.

74.     As a result of the Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER**:     The City denies the allegations contained in this paragraph.

**COUNT VII – State Law Claim**
***Respondeat Superior***

75.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

76.     In committing the acts alleged in this Complaint, Defendants were employees, members, and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER**:     The City admits that the individual defendants were its employees and were acting within the scope of their employment at all relevant times, but denies that the individual defendants engaged in any misconduct. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph in regard to the "unidentified defendants."

77.     Defendant City of Chicago is liable as principal for all state law torts committed by its agents.

**ANSWER**:     The City admits that under certain circumstances, public entities such as the City are directed to pay compensatory damages on a tort judgment against an employee

acting within the scope of his or her employment, but denies that this paragraph contains a complete or accurate statement of Illinois law and therefore denies the allegations contained in this paragraph.

## COUNT VIII – State Law Claim
## Indemnification

78.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:    The City restates and incorporates its answers to each of the paragraphs contained in this complaint as if fully stated herein.

79.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:    The City admits that under certain circumstances, public entities such as the City are directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but denies that this paragraph contains a complete or accurate statement of Illinois law and therefore denies the allegations contained in this paragraph.

80.     Defendant Officers are, or were, employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described above.

**ANSWER**:    The City admits that the individual defendants are, or were employees of the Chicago Police Department and were acting within the scope of their employment at all relevant times, but denies that they engaged in the misconduct alleged herein. The City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph in regard to the "unidentified defendants."

81.     The City of Chicago is obligated to pay any judgment entered against the Defendant Officers.

**ANSWER**:     The City admits that under certain circumstances, public entities such as the City are directed to pay compensatory damages on a tort judgment against an employee of the City acting within the scope of his or her employment, but denies that this paragraph contains a complete or accurate statement of Illinois law, nor does it identify if the unidentified defendants referenced are even City of Chicago employees acting within the scope of their employment, and therefore denies the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

1.      The City is not liable to plaintiff for any federal claims for which the individual Defendants are not liable to plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2.      To the extent plaintiff asserts a federal malicious prosecution claim, such a claim is not cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001); *Stone v. Wright*, No. 17-2905 (7th Cir. Aug. 21, 2018).

3.      The City is not liable for malicious prosecution under Illinois state law unless and until all of the elements of malicious prosecution are met. *See Hurlbert v. Charles*, 238 Ill. 2d 248 (2010). "[A] malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Lopez v. City of Chicago*, 2011 WL 1557757 at *1 (N.D. Ill. 2011) (Feinerman, J) (quoting *Swick v. Liautaud*, 169 Ill. 2d 504 (1996)). The facts and circumstances of the disposition of plaintiff's criminal case are not indicative of innocence such that plaintiff has met his burden on this element of malicious prosecution. *See Lopez*, 2011 WL 1557757 at *3 (citing *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267 (1997)) ("To determine whether a termination is favorable, the court examines the circumstances, not the form or title, of the disposition.").

4.      As to plaintiff's state law claims, the City is not liable if its employees or agents are not liable. 745 ILCS 10/2-109 (West 2016).

5.      The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by plaintiff. 745 ILCS 10/2-102 (West 2016).

- 22 -

6.      The City is not required to pay a tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (West 2016).

7.      As to plaintiff's state law claims, the City is not liable to pay attorney's fees as the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp*., 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

8.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (West 2016).

9.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2016).

10.      To the extent any employee of the City was acting within the scope of his employment, that employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (West 2016).

11.      The City and its employees are not liable for "failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervisor or facilities therein." 745 ILCS 10/4-103 (West 2016). The City and its employees are not required to conduct periodic inspection of prisoners. *See id*.

12.    To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause. At the time of the actions alleged in plaintiff's complaint section 2-1116 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1116 (West 2016)) was in effect and reduces plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

13.    To the extent plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to him by the jury in the case.

## JURY DEMAND

The City respectfully demands a trial by jury for all issues so triable.


DATED: October 29, 2018                    Respectfully submitted,

                                           EDWARD N. SISKEL
                                           Corporation Counsel for the City of Chicago


                              BY:    /s/ Jordan F. Yurchich
                                     Jordan F. Yurchich
                                     Assistant Corporation Counsel

Jonathan Green, Assistant Corporation Counsel Supervisor
Jordan F. Yurchich, Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900

Chicago, Illinois 60602
312.745.1625 (Phone)
Jordan.yurchich2@cityofchicago.org
Attorney No. 6307379